EDWARDS, Judge,
dissenting.
After a de novo review, the majority finds that “[t]he preponderance of the evidence shows that LP & L did not breach its duty and was not negligent.” The judgment of the trial court is reversed.
The majority bases its authority for a de novo review on the following argument:
Ordinarily, the trial court’s findings of fact are reviewed under the manifest error (clearly wrong) standard. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). However, where some legal error, such as improper admission of evidence, interdicts the trial court’s fact-finding process, the manifest error (clearly wrong) standard is no longer applicable, and the appellate court must make its own independent review of the record and determine a preponderance of the evidence. McLean v. Hunter, 495 So.2d 1298 (La.1986) and the cases cited therein. The improper admission and consideration of evidence of subsequent remedial acts at other fires by the trial court has interdicted its factual findings herein. Accordingly, we have made our own independent review of the record to determine a preponderance of the evidence.
The record, however, does not support a finding that evidence of remedial measures was admitted. LP & L testified that there had been no change in policy after the Coates’s fire. Without a subsequent change in the policy or procedures for termination of power, the methods of termination at subsequent fires is not evidence of remedial acts. To be subsequent remedial measures, the measures must be taken after the event and be measures which would have made the event less likely. LSA-C.E. art. 407 (Although article 407 was not in effect at the time of the trial, the Louisiana jurisprudence was in accord with the substance of the article.) See Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1st Cir.1975), cert. denied, 325 So.2d 279 (La.1976); Galloway v. Employers Mutual of Wausau, 286 So.2d 676 (La.App. 4th Cir.1973), application denied, 290 So.2d 333 (La.1974).
The evidence of the method of termination at subsequent fires did not involve remedial measures and did not constitute an error of law sufficient to require a de novo review. The correct standard of review is manifest error.
The record contains a great deal of conflicting lay testimony and expert opinion testimony. The majority does not claim that the testimony of Mr. Coates, his family members, or the experts called by him is unreasonable or unsupported. Instead, a de novo review is done that focuses on the testimony of the two LP & L servicemen who conducted the inspection of the house and disconnected the service after the first fire by removing the meter. The majority finds that a reasonable inspection of the area of the meter was undertaken and no apparent hazards were found. However, the opinion also relates the testimony of Cecil Coates, who testified that there was fire damage inside the house to the wall on which the breaker box was located. The breaker box was located directly behind the meter which was located on the outside of the house.
The Louisiana Supreme Court recently felt it necessary to explain again the proper function of the Court of Appeal and differentiate that function from the one allocated to the trial court or jury. In Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990), the court explained that Louisiana’s three-tiered court system allocates the fact finding function to the trial courts. It is the function of the Court of Appeal to review the case using the standard of manifest error. It is not the role of the Court of Appeal to usurp the trial court’s function and sit as the trier of fact. The majority in this case has improperly substituted itself for the trial court.
When determinations are made regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of facts findings. The factfinder is the only one in a position to be aware of the variations in demeanor and tone of voice that influence the listener’s belief in what is said. Rosell v. Esco, 549 So.2d 840, 844 (La.1989).
*778 If, after a review of the entire record, the trial court findings are found to be reasonable, the Court of Appeal may not reverse. This is true, even though the appellate court, sitting as the factfinder, would have weighed the evidence differently and reached a different conclusion. Rosell, 549 So.2d at 844. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990); Rosell, 549 So.2d at 844.
A power company is required to exercise its superior knowledge in its field of expertise in a manner reasonable under the circumstances. Levi v. Southwest Louisiana Electric Membership Cooperative, 542 So.2d 1081, 1083-85 (La.1989). A review of the entire record establishes a reasonable basis for the trial court findings. There is sufficient, credible testimony to show that there was extensive damage to the area near the breaker box located directly behind the meter. Therefore, there is a reasonable basis for the conclusion that the power company, with its superior knowledge, skill, and experience in electrical safety, breached its duty of care. LP & L should have recognized that its conduct of removing the meter only, under circumstances which involved a damaged wall behind the meter, created a risk of harm to the Coates family.
The trial court found that (1) the second fire resulted from the escape of electrical energy at the weatherhead; (2) the termination of service at the pole would have prevented' the escape of electrical energy from the weatherhead; and (3) the power company, by only removing the meter, did not exercise sufficient care under the circumstances of this case. The trial court findings are reasonable in light of the record reviewed in its entirety and the judgment of the trial court should have been affirmed.
For the foregoing reasons, I respectfully dissent.
SHORTESS, Judge,
dissenting.
Holcomb testified as to several different means LP & L employs to disconnect service if it is determined, upon arrival at the scene, that disconnection is necessary: removal of the meter, severance at the weatherhead, severance at the “nearest pole or the transformer,” or removal of the transformer fuse. Holcomb testified the method chosen depends upon the nature of the fire and the logistics of the scene. Holcomb also testified the procedures in effect at the time of the fire were the same procedures in effect at the time of the trial. When the evidence at issue was introduced, counsel for LP & L objected on the basis that the fires depicted in the photographs were subsequent, and thus the evidence was inadmissible as subsequent remedial measures. Plaintiffs counsel responded that Holcomb’s testimony laid the proper predicate to consider the evidence not as remedial but as fairly representing the policy in effect at the time of the fire at issue and at the time of the fires depicted in the photographs. The trial court overruled the objection. I see no error in the ruling and feel the majority has improperly applied the de novo standard of review.
I respectfully dissent.